**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | **CRIMINAL NO. 14-0149 (PLF)** |
| | : | |
| | : | |
| EMAD O. HAJHASSAN, | : | |
| | : | **UNDER SEAL** |
| Defendant. | : | |
| | : | |

## MEMORANDUM IN AID OF SENTENCING

COMES NOW the Defendant, Emad O. Hajhassan, by counsel, in accordance with Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.2 of the Sentencing Guidelines and Policy Statements, and hereby represents that the Defendant has reviewed the Probation Office's Pre-Sentence Report and that he does not have any objections to the report.

Mr. Hajhassan waived indictment and pled guilty to two counts of Payment of a Bribe to a Public Official, in violation of 18 USC, Section 201(b)(1)(A).  Mr. Hajhassan pled guilty to this charge August 21, 2014. As indicated, a pre-sentence report has been prepared.

The advisory guideline range is 24 to 30 months imprisonment. However, the Government has filed, or shall file shortly, a Motion for a Downward Departure of the sentencing guidelines pursuant to Section 5K1.1 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(a).   Mr. Hajhassan joins in the Government's request for a downward departure but respectfully moves for a sentence which does not include any active incarceration. For the reasons set forth below, such a sentence would fully satisfy the factors set forth in 18 U.S.C. § 3553.

Mr. Hajhassan is 51 years old and is originally from Bethany, Israel. He obtained United States citizenship in March 2005. Mr. Hajhassan graduated from L'Ecole de Frere in Jerusalem and has no further education. He has run his own towing company since 2001. He and his wife have three children. His children are 19, 17 and 14 years old respectively. Mr. Hajhassan's youngest son has Henoch-Schönlein purpura nephritis, a rare kidney disease, among other significant health problems.

Mr. Hajhassan is also not in good health. He has a steady regiment of multiple medications which he must take daily for his heart, weight, and blood pressure.

In determining a proper sentence, the Court must consider the nature and circumstances of the offence and Mr. Hajhassan's history and characteristics. 18 U.S. Code § 3553. The Court must only impose a sentence sufficient, but not greater than necessary, "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S. Code § 3553 (a)(2).

(A)     The Seriousness Of The Offense, To Promote Respect For The Law, And To Provide Just Punishment For The Offense.

There is no question that Mr. Hajhassan appreciates the seriousness of the offense to which he has pled guilty. The offense, while serious, is a non-violent offense to which there are no individual victims. The payments he made to the low level government officials were made so that his business could continue operations and he could provide for his family. He has learned a very valuable lesson the hard way; no amount of business is worth violating the law.

The facts which led to this investigation occurred between 2011 and 2013.   Mr. Hajhassan has been in the United States for some 28 years, he was convicted of operating a motor vehicle while impaired in 1992 and has only a few minor traffic offenses since that time.   His last traffic offense was in 2010.   He has not been charged or convicted of any other criminal offenses.   Mr. Hajhassan acknowledges his terrible error in judgment.

The advisory guideline range for this offense is 24 to 30 months imprisonment.   Mr. Hajhassan has been cooperating with the Government since July 31, 2013.   Had Mr. Hajhassan refused to work with the Government, he would have already been released from custody. Imposing a sentence within the advisory guidelines some four years after the criminal conduct would do nothing to further Mr. Hajhassan's respect for the law and the delay between the criminal conduct and sentence does not promote just punishment.

(B)     Adequate deterrence to criminal conduct

The seriousness of this offense has been impressed on Mr. Hajhassan.   Mr. Hajhassan understands and has accepted the terrible error in judgment which he made.   Paragraphs 48 and 49 of the Presentence Report also reflect the fact that Mr. Hajhassan has fully accepted responsibility and understands the seriousness of this offense. As stated above, Mr. Hajhassan is 51 years old and has not been charged or convicted of any other criminal offenses, incarcerating him for any period of time will not deter further criminal conduct.   A period of probation or home confinement will provide more than adequate deterrence.

3

(C)     Protect The Public From Further Crimes Of The Defendant

Mr. Hajhassan is not a threat to the public.  Mr. Hajhassan has shown that he is willing to assist the Government in protecting the public from other criminal activity in this case.  While this is a serious offense, the charges had no discernible victim and were not violent offenses.

(D)     Provide The Defendant With Needed Educational Or Vocational Training, Medical Care, Or Other Correctional Treatment In The Most Effective Manner.

As outlined in Paragraphs 70 and 71 of the Presentence Report, Mr. Hajhassan is not in the best health.  Mr. Hajhassan has had two heart attacks and suffers from elevated cholesterol, hypertension and Type II diabetes.  Mr. Hajhassan requires a regiment of nine daily medications which would add to the cost of incarceration.   Mr. Hajhassan's medical conditions, including Type II diabetes, hypertension and elevated cholesterol require continued and regular attention from treating physicians.

Additionally, Mr. Hajhassan's youngest son has a number of serious medical conditions, including Henoch-Schönlein purpura nephritis, a rare kidney disease.  His health conditions require regular visits to medical providers.  Mr. Hajhassan is the primary provider for his family.  Mr. Hajhassan's primary focus has been making sure that his son receives the best treatment he can.  In order to receive the best treatment, Mr. Hajhassan must continue to work and earn money to pay for the care and medical treatment for his son.  If Mr. Hajhassan is incarcerated, his family will have difficulty managing all of his son's health care providers' appointments.

The Government filed a motion for a downward departure from the Sentencing Guidelines pursuant to 18 U.S. Code § 3553 (e) and §5K1.1 of the Sentencing Guidelines Manual.  In ruling on the Motion and in consideration of the Defendant's Position on the Sentencing Guidelines, this Court has the authority to depart from the guidelines at the upcoming

4

sentencing hearing if "(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered; (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; (5) the timeliness of the defendant's assistance." There is more than ample evidence that the Government's motion for a downward departure is well founded. Mr. Hajhassan submits that this Court should go beyond the downward departure and impose only probation.

With regard to the significance and usefulness of Mr. Hajhassan's assistance, the Government has outlined how Mr. Hajhassan has assisted its further prosecution of other conspirators in its motion. The Government confirms that the information has been both significant and useful. Mr. Hajhassan attended multiple debriefing sessions and he continued to willingly testify at both during a grand jury hearing and at trial if necessary. The information provided for by Mr. Hajhassan assisted, in part, to other conspirators pleading guilty to criminal charges in this Court. Mr. Hajhassan provided immediate assistance to the Government following entry of his plea and routinely made himself available for meetings with the Government or possible hearings at which he may have to testify.

Mr. Hajhassan has no prior convictions for any criminal offenses. Mr. Hajhassan has accepted responsibility for his actions. Mr. Hajhassan waived indictment and agreed to enter his plea in this matter, thereby saving the government the time and effort of a trial. A sentence of probation or home confinement will reflect the seriousness of the offense, promote respect for the law and provide just punishment to Mr. Hajhassan. Such a sentence will also serve as an

appropriate deterrent to Mr. Hajhassan from engaging in this sort of conduct again.  A sentence of probation or home confinement will adequately address the need for the sentence to protect the public.  Given the level of cooperation, such a downward departure from the guidelines will not lead to unwarranted sentencing disparity.

WHEREFORE, Defendant therefore moves for a sentence which includes only probation or home confinement as recommended by the Government in its Motion for a Downward Departure.  Such a sentence would satisfy the factors set forth in 18 U.S.C. §3553 and §5K1.1 of the Sentencing Guidelines Manual.

Respectfully Submitted,
EMAD O. HAJHASSAN,
By Counsel

ALLRED, BACON, HALFHILL, & YOUNG, P.C.

By: _____
        James T. Bacon, Esq. (Bar No. #416209))
        11350 Random Hills Road, Suite 700
        Fairfax, VA 22030
        703-352-1300
        703-352-1301 (Fax)
        Jbacon@abhylaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of February, 2017, a true and correct copy of the foregoing was sent by first class mail, postage pre-paid to:

Channing D. Phillips
United States Attorney
Mervin A. Bourne, Jr.
Lionel Andre
Assistant United States Attorney
United States Attorney's Office
  for the District of Columbia
555 Fourth Street, N.W., 5th Floor
Washington, D.C. 20530

_____
James T. Bacon