## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 1:14CR00149-001(PLF)(Sealed)[1]** |
| | **:** | |
| | **:** | |
| **EMAD HAJHASSAN** | **:** | **Filed Under Seal** |
| | **:** | |
| **Defendant.** | **:** | |
| | **:** | |

## GOVERNMENT'S FINAL STATEMENT ON SENTENCING

The most salient facts are not in dispute.  The defendant, Emad Hajhassan, the owner of a tow truck company, paid nearly $50,000 in bribes to city officials at the D.C. Department of Public Works and D.C. Taxicab Commission, in return for obtaining towing and impoundment assignments.  In so doing, the defendant corrupted two city agencies, interfered with rule-following business owners' ability to compete fairly for city contracts, and undermined confidence in the integrity of city contracting.  But the defendant's corrosive conduct did not stop there.  After pleading guilty and executing a cooperation plea agreement, the defendant struck another corrupt bargain, paying a third city official approximately $13,000 in cash bribes to maintain an exclusive towing contract—in violation of this Court's release order and the plea agreement.  He then lied to the FBI about that scheme, falsely claimed that his corruption was motivated by fear not greed, and inhibited the Government from holding corrupt officials accountable for their crimes.  Based on these undisputed facts, the defendant should be sentenced to a Guideline term of imprisonment.

---

[1] There remains no basis to keep this case sealed from the public.  In fact, sealing the case will undermine any deterrence the defendant's eventual sentence may provide—on both those contemplating corruption and those contemplating cooperation plea agreements.  The Government therefore intends to file a motion to unseal the case, except for the reports of experts describing the details of the defendant's mental health evaluations.  The defendant does not oppose.

Apart from imposing sentence, there remain only three issues for this Court to resolve. First, the Court must resolve whether the defendant should be afforded a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. As the Government argued in our supplemental and reply sentencing papers (ECF Nos. 31, 51)—and need not belabor here— and as the Probation Office correctly determined, PSR ¶¶ 41-42 (ECF No. 69), the defendant should not be afforded acceptance of responsibility credit based on his endeavor to corrupt a third city official after pleading guilty in this case. Indeed, that conduct is an aggravating factor demonstrating the need for imprisonment to deter his criminal conduct and to deter others from committing criminal offenses while on court-ordered release.

Second, the Court must resolve whether the defendant should be assessed a two-level upward adjustment for obstructing justice under U.S.S.G. § 3C1.1, as recommended by Probation. PSR ¶ 40 (ECF. No. 69). Although there can be no disputing that the defendant's bribery while on release and lies to the FBI obstructed law enforcement's investigation of corruption at the Department of Public Works, the Government does not seek the adjustment under the circumstances of this case. Probation recommends the adjustment specifically for "obstruct[ing] or imped[ing] the official investigation or prosecution of the instant offense." *Id.* The fact of the matter is that the instant offense, including the involvement of a co-conspirator, had been uncovered by law enforcement at the time the defendant obstructed a wider corruption investigation. Although, the defendant's conduct unquestionably interfered with an investigation of related activities and even this sentencing, either of which may be a sufficient basis on which to impose an obstruction adjustment under § 3C1.1, the Government recommends against applying it under the specific circumstances of this case. Here, the instant offense of conviction was already exposed, a co-conspirator has already been held accountable, and the defendant's acceptance

points stand a strong chance of being denied.   Under those circumstances, the Government recommends against applying the obstruction adjustment and alternatively urges the Court to use the defendant's post-offense conduct as aggravating factors meriting a sentence within the revised U.S.S.G. sentencing range of 33 to 41 months (and no greater than the 37 months requested by the Government in prior pleadings).[2]

Finally, the Court must resolve what if any import to assign the defendant's mental health claims.   Basically none.   As the Government's experts have explained, to the extent the defendant suffers from a mental health issue, it is clinical depression arising from the prospect of being incarcerated—not a health issue inhibiting his ability to formulate corrupt intent.   To the extent the Government's experts attempted to evaluate him for other neurobehavioral issues, he exhibited malingering behavior and objective records revealed no indication that he lacked the ability to formulate corrupt intent.   *See* PSR ¶¶ 84-85 (ECF No. 69).[3]   The defendant should be sentenced principally on the basis of his conduct, not his mental health status.

For these reasons and the reasons set forth in the Government previous sentencing pleadings (ECF Nos. 27, 31, 51), the defendant should be sentenced to a Guidelines term of imprisonment.

---

[2] If the Court adopts the Government's recommendation, the total offense level under the Guidelines should be 20 and the defendant's sentencing range should be 33 to 41 months.

[3] Dr. Ryan C.W. Hall, one of the Government's experts, evaluated the defense's most recent expert report, which the Government understands will be filed with the defense sentencing pleading, and determined that there was no need to supplement his report; his original conclusions stand.

JESSIE K. LIU
United States Attorney for the
District of Columbia


By:      /s/ J.P. Cooney_____
J.P. COONEY
D.C. Bar # 494026
Chief
Fraud & Public Corruption Section
555 Fourth Street, N.W., 5th Floor
Washington, DC 20530
(202) 252-7281


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was sent to counsel for the defendant, Robert Bullock, Stephen Glassman, and James Bacon, on Friday, December 7, 2018.


   /s/ J.P. Cooney_____
J.P. COONEY